People v Lobao (2019 NY Slip Op 09063)





People v Lobao


2019 NY Slip Op 09063


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

109684

[*1]The People of the State of New York, Respondent,
v
Joann Lobao, Appellant.

Calendar Date: November 14, 2019

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Brian M. Callahan, Albany, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered July 7, 2017, convicting defendant upon her plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.
Defendant was charged in a three-count indictment with aggravated unlicensed operation of a motor vehicle in the first degree, driving while intoxicated and refusal to take a breath test. In full satisfaction thereof, defendant agreed to plead guilty to aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated in return for concurrent terms of probation. Defendant also was required to waive her right to appeal. After sentencing twice was adjourned as a result of defendant's failure to meet with the Probation Department and her subsequent arrest, defendant was sentenced to the contemplated terms of probation — subject to various terms and conditions. Following defendant's admitted violation of probation, County Court sentenced defendant to a prison term of 1 to 3 years upon her conviction of aggravated unlicensed operation of a motor vehicle in the first degree and to time served upon her conviction of driving while intoxicated. This appeal ensued.
Although defendant's challenge to the voluntariness of her plea — the sole issue raised upon appeal — survives her uncontested appeal waiver, this argument is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Clerveau, 174 AD3d 1066, 1066 [2019], lv denied 34 NY3d 949 [2019]; People v Allen, 166 AD3d 1210, 1210 [2018], lvs denied 32 NY3d 1201, 1206 [2019]; People v Widger, 160 AD3d 1297, 1297 [2018]). Further, as the record does not reflect that defendant made any statements that were inconsistent with her guilt, negated an element of the charged crimes or otherwise called into question the voluntariness of her plea, the narrow exception to the preservation requirement was not triggered (see People v Bonafante, 166 AD3d 1228, 1228 [2018]; People v Retell, 164 AD3d 1501, 1502 [2018]; People v Jackson, 159 AD3d 1276, 1276 [2018], lv denied 31 NY3d 1149 [2018]). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Mulvey, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.